IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

S.L.C.,

        Plaintiff,

v.

POLK COUNTY and DARRYL L. CHRISTENSEN,

        Defendants,

OPINION AND ORDER

16-cv-630-wmc

BRYCE W. DUNCAN, as Special Administrator of the Estate of S.A.L.M.,

        Plaintiff,

v.

POLK COUNTY and DARRYL L. CHRISTENSEN,

        Defendants,

and

S.E.R,

        Plaintiff,

v.

POLK COUNTY and DARRYL L. CHRISTENSEN,

Defendants.

16-cv-631-wmc

16-cv-632-wmc

---

In these three civil actions, plaintiffs assert claims against defendant Darryl L. Christensen, a former correctional officer for Polk County, and Polk County based on Christensen's alleged sexual assault of plaintiffs while they were incarcerated at the Polk

County Jail. Wisconsin County Mutual Insurance Corporation ("WCMIC") intervened, seeking a declaration that it has no duty to defend or cover defendant Christiansen. Before the court is WCMIC's motion for summary judgment ('630 dkt. #42), to which defendant Christensen filed a response *pro se* ('630 dkt. #65). While the motion was pending, plaintiffs and WCMIC agreed to stipulate to entry of judgment in favor of WCMIC and entry of a declaratory judgment that WCMIC has no duty to defend or indemnify Christensen. ('630 dkt. #60.)

The court previously granted WCMIC's motion in two cases asserting similar allegations against Christensen. *See J.K.J. v. Polk Cty.*, No. 15-cv-428 (W.D. Wis. Nov. 28, 2016) (dkt. #108); *M.J.J. v. Polk Cty.*, No. 15-cv-433 (W.D. Wis. Nov. 28, 2017) (dkt. #109). As the court explained, in light of the allegations in the complaint and Christensen's admission that his sexual contact with plaintiffs was "done solely for sexual or other personal gratification, and not for a legitimate penological purpose," "Christensen acted outside the scope of his agency and WCMIC has no duty to defend or cover Christensen." *J.K.J*, No. 15-cv-428, slip. op. at *9. The court finds no reason to depart from this conclusion and its analysis in the prior opinion.

In his *pro se* response, Christensen states that he is indigent and unable to pay for an attorney to represent him and seeks representation by Attorney Sarah Mills, the attorney who represented him in the prior cases through trial. However, Christensen does not offer any argument to support a finding that WCMIC has a *duty* to pay the costs of Mills' (or any of the other attorney's) representation in defending him against similar claims in these new cases. While the court did require Attorney Mills to remain as counsel

through trial in the prior cases (*see J.K.J.*, No. 15-cv-438 (W.D. Wis. Jan. 13, 2017) (dkt. #170), the court's reasons for doing so there -- principally the confusion that Christensen's own counsel created as to whether he would be represented in the rapidly approaching trial -- are not at issue in these three cases.

To the extent Christensen's response could be viewed as a motion for appointment for counsel, the court must also deny his request. Unlike defendants in criminal cases, civil litigants have no constitutional or statutory right to the appointment of counsel. *See, e.g., Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). While the court may attempt to recruit counsel where appropriate, there is no basis to do so here in light of Christensen's experience in the prior lawsuits, his lack of any meaningful defense, limited participation or assets. In short, the court does not find the difficulty of these remaining cases, whether factually, legally or tactically, is likely to exceed Christensen's ability to present his defense. *See Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Finding no reason to depart from its prior opinion and order in the first two Polk Cases that coverage is unavailable to Christensen, the court will grant WCMIC's motion and enter an order declaring that WCMIC has no duty to defend or cover Christensen and direct entry pursuant to Federal Rule of Civil Procedure 54(b) in its favor.

To the extent Attorneys Mills and Hall intend to withdraw based on this partial judgment, the court advises them of their obligations to inform Christensen of this development and otherwise cooperate fully in the orderly transfer of their representation consistent with its ethical obligations.

ORDER

IS IT ORDERED that:

1) Intervenor Wisconsin County Mutual Insurance Corporation's motions for summary judgment ('630 dkt. #42; '631 dkt. #45; '632 dkt. #42) are GRANTED.

2) The court declares that (a) there is no insurance coverage available to defendant Darryl L. Chrisensen under the Public Entity Liability policy of insurance issued by WCMIC to Polk County for the actions of Christensen as asserted by plaintiffs in these actions; and (b) intervenor WCMIC has no duty to defend or indemnify Christensen for any claims asserted by plaintiffs against Christensen in these actions.

3) The clerk of court is directed to enter judgment pursuant to Federal Rule of Civil Procedure 54(b) in favor of Wisconsin County Mutual Insurance Corporation without costs.

Entered this 25th day of October, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge